STATE OF NORTH CAROLINA v. MELVIN WORLEY

No. 717SC701

(Filed 15 December 1971)

**Infants § 7— contributing to delinquency of minor**

In a prosecution for contributing to the delinquency of a minor in violation of [former] G.S. 14-316.1, it was not necessary for the State to allege or prove that the child has become a delinquent child as defined in G.S. 7A-278(2).

APPEAL by defendant from *Tillery, Judge,* 19 April 1971 Session of Superior Court held in EDGECOMBE County.

Defendant was charged in a warrant with the offense of contributing to the delinquency of a minor on 15 January 1971 in violation of G.S. 14-316.1. He was found guilty in the District Court and appealed to the Superior Court where, upon his plea of not guilty, he was tried *de novo* by a jury.

Defendant is an adult male; he operates a fish market on Main Street in Tarboro, North Carolina, where he employs several persons; and he maintains a residence on St. James Street extension in or near Tarboro. Vernice Diane Lynch (Diane) is a female, age fourteen years, having been born 9 July 1956.

The State's evidence tends to show the following. On 3 December 1970 at about 8:30 p.m. defendant picked Diane up in his car and took her to his house. There were several boys and girls at defendant's house ranging in age from fourteen to twenty. They danced, talked, and drank wine. Defendant gave Diane some wine and later took her into his bedroom. He removed her clothes and they went to bed. Defendant had sexual intercourse with Diane twice that night. The next morning, 4 December 1970, he took her to her home to change clothes and then took her to school. Her parents had left for work and did not see Diane when she came home to change clothes. That afternoon defendant picked Diane up after school and she again spent the night with him at his house. Defendant had sexual intercourse with Diane twice during the night of 4 December 1970. On 5 December 1970, Diane spent the night with defendant at defendant's house. Again defendant had sexual intercourse with Diane twice during the night of 5 December 1970. On 6 December Diane returned to her home. On 14 January 1971 six boys picked Diane up at school. They pulled her into

a car and took her to defendant's house. Defendant gave Diane some wine and then she went to bed with him and had sexual intercourse with him. At about one o'clock a.m. on 15 January 1971, a deputy sheriff of Edgecombe County went to defendant's house where he found defendant, Diane, two other boys, and two other girls.

The jury found defendant guilty as charged and judgment of confinement for a period of two years was entered. Defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Icenhour, for the State.*

*Everett & Cheatham, by C. W. Everett, for the defendant.*

BROCK, Judge.

The portion of G.S. 14-316.1, as it was written before the 1971 rewrite thereof, which was pertinent to the charge against defendant read as follows: ". . . any . . . person who knowingly or wilfully is responsible for, or who encourages, aids, causes, or connives at, or who knowingly or wilfully does any act to produce, promote, or contribute to, any condition of delinquency or neglect of such child shall be guilty of a misdemeanor."

Defendant argues strenuously that his motion for nonsuit should have been granted because the State offered no evidence that Diane was a delinquent child as defined in G.S. 7A-278(2); therefore, he cannot be guilty of having contributed to her delinquency. This argument is almost as old as the statutory offense itself. However, the generally accepted view is that such statutes are preventive as well as punitive in nature and it is not necessary to allege or prove that the child in fact is, or has become, a delinquent. Annot. 18 ALR 3d 824. The North Carolina statute, partially quoted above, coincides with the general or majority view. The quoted statute condemns any person who encourages any condition of delinquency, any person who aids any condition of delinquency, any person who causes any condition of delinquency, any person who connives at any condition of delinquency, any person who does any act to produce any condition of delinquency, any person who does any act to promote any condition of delinquency, and any person who does any act to contribute to any condition of delinquency. The statute does

not require that the creation of a state of delinquency be accomplished. It seems clear that the legislative intent was to protect children from wrongful influence by adults, and that in protection of minors the State should not await the result of the wrong perpetrated before punishing the offender.

Defendant assigns as error portions of the instructions to the jury. It seems to us that the instructions were more favorable to defendant than is required. In our view the case was fairly submitted to the jury and no prejudice to defendant has been made to appear.

In this trial we find

No error.

Judges BRITT and VAUGHN concur.